489 P.2d 42

**STATE of Arizona, Appellee,**

**v.**

**Richard Allen BRAEUTIGAN, Appellant.**

**No. 2179.**

Supreme Court of Arizona,
In Banc.
Sept. 30, 1971.

Gary K. Nelson, Atty. Gen., Albert M. Coury, Asst. Atty. Gen., Phoenix, for appellee.

W. Clifford Girard, Phoenix, for appellant.

LOCKWOOD, Justice.

On July 9, 1969, the defendant, Richard Allen Braeutigan, was charged with armed robbery (A.R.S. §§ 13–641; 13–643). He was brought to trial on February 24, 1970. During the trial, following plea bargaining, the State was granted leave on motion to file an amended information charging de-

fendant with grand theft from person (A. R.S. §§ 13–661, 13–663). The defendant then pled guilty to this charge, and on March 19, 1970 he was sentenced to the State Prison for from five to ten years.

Defendant appeals, presenting three questions to this Court:

"1. Did the record affirmatively show that the defendant voluntarily and understandingly entered his plea of guilty?

"2. Was it necessary that the trial court conduct an on the record examination of the defendant in order to satisfy itself that the defendant voluntarily and understandingly entered his plea of guilty?

"3. Did the court conduct an on the record examination of the defendant, sufficient to satisfy the standards of due process, in reaching the conclusion that defendant voluntarily and understandingly entered the plea of guilty?"

■ Defendant's second question has been answered in the affirmative by the United States Supreme Court in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

The only real question presented by this appeal is whether there was a sufficient on the record examination of defendant Braeutigan by the court so as to satisfy the Boykin mandate. We believe that the trial court's examination of defendant was sufficient, and we thereby answer defendant's first and third questions in the affirmative.

■ An in-depth examination of the defendant which appears in the record was conducted by the court. From this examination, the trial court was clearly able to determine: (1) that defendant discussed the nature of the amended information with counsel; (2) that defendant read and understood the amended information; (3) that defendant was 24 years old and had been educated to the sophomore year of high school; (4) that the defendant under-

stood his right to a jury trial on the charge alleged in the amended information; (5) that defendant understood his rights to confront prosecution witnesses but to remain silent himself; (6) that the defendant was aware that a guilty plea would waive his rights to a jury trial, confrontation, and to have his guilt proved beyond a reasonable doubt; (7) that defense counsel had told defendant that a guilty plea would subject defendant to a possible sentence of ten years in prison; (8) that both defendant and his counsel had "taken into consideration" the fact that the County Attorney had agreed to dismiss a "considerable" number of charges pending against defendant, in return for defendant's plea of guilty to grand theft from the person; (9) that there had been no promises or threats made to defendant in order to secure his guilty plea, other than the plea bargain; (10) that defendant was at least somewhat familiar with court procedures; (11) that defendant realized that he could "run the gamut from probation to ten years in prison"; and (12) that defendant "felt right" in pleading guilty to grand theft from person.

All of the above examination took place before the judge stated her conclusion that defendant's plea of guilty was being made "knowingly, voluntarily, intelligently, with an understanding of the possible consequences, that no promises of immunity or threats of any kind were made by anyone in order to induce this plea of guilty" and before the defendant then entered his guilty plea.

In short, there could scarcely be a more thorough on the record examination of a defendant than that which was undertaken in this case. We therefore hold that the requirements laid down by the Boykin case were fully complied with here.

Judgment affirmed.

STRUCKMEYER, C. J., HAYS, V. C. J., and UDALL and CAMERON, JJ., concur.